# UNITED STATES BANKRUPTCY COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re ) <br> ) <br> MARC S. CANEVA, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> SUN COMMUNITIES OPERATING ) <br> LIMITED PARTNERSHIP, a Michigan ) <br> limited partnership, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARC S. CANEVA, ) <br> ) <br> Defendant. ) <br> _____ ) | Chapter 7 Proceedings <br><br> Case No. BR-03-20735-PHX-CGC <br><br> Adversary No. 04-00822 <br><br><br> UNDER ADVISEMENT DECISION <br> RE: DEBTOR'S MOTION TO <br> RECONSIDER JUDGMENT <br> DENYING DISCHARGE |

On January 24, 2006, this Court issued its Under Advisement Decision Re: Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Partial Summary Judgment, in which the Court granted Plaintiff's request for summary judgment pursuant to 11 U.S.C. section 727(a)(3). As a result, it was unnecessary to address Debtor's cross-motion for summary judgment under 11 U.S.C. section 523(a). Debtor seeks reconsideration of this decision.

As a preliminary matter, Debtor states in his motion for reconsideration that he seeks relief pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), as made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("FRBP"). However, in his response, Debtor acknowledges that Rule 59 (FRBP 9024) governs motions for reconsideration. Whether relief is sought under Rule 60(b) or Rule 59, however, is of little import. The distinction

between the two Rules is primarily a procedural distinction affecting the parties' appellate rights and proceedings. In order to toll the time for filing an appeal, the party requesting reconsideration must file a request for reconsideration under Rule 59 within ten days of the entry of the judgment, which Debtor did. Failure to seek reconsideration within the ten days subjects the movant to having to proceed with its appellate rights under the Rules without any tolling. Relief from the judgment can then only be granted by way of Rule 60(b).

With that said, a motion for reconsideration is generally brought under Rule 59 and applies to any order appealable to an appellate court. F.R.C.P. 59 and F.R.B.P. 9023. In turn, motions for reconsideration filed under Rule 59 are governed by the grounds for relief set forth in Rule 60(b). The Ninth Circuit has consistently held that relief under Rule 59 should not be granted "absent highly unusual circumstances" and only when presented with newly discovered evidence, where the court committed clear error, or there is an intervening change in controlling law. *See 389 Orange Street Partners v. Arnold,* 179 F.3d 656 (9th Cir. 1999).

Rule 60(b), in turn, provides six grounds upon which relief from the Court's judgment can be granted. Debtor makes several arguments for reconsideration, but he fails to identify on which part of Rule 60(b) he is relying. Debtor first argues that this Court ignored the fact that Debtor provided a significant amount of information to not only Plaintiff, but also the Trustee, and that such information "encompassed information on all of the entities." According to Debtor, because Plaintiff represented it was working closely with the Trustee, and the Trustee was riding Plaintiff's coattails, that Plaintiff must have, or at least should have, been privy to the large amount of information he provided to the Trustee. Second, Debtor contends that the Trustee was more than satisfied with Debtor's disclosures and productions as it did not pursue a 727 action itself or join with Plaintiff. To the contrary, the Trustee filed a Report of No Distribution, averring that he had "made a diligent inquiry into the financial affairs of the debtor." Third, Debtor attaches as exhibits a number of tax returns for some of his business entities for tax years 2001-2003.

In his response, Debtor changes tack a bit and acknowledges that Plaintiff is correct that Rule 59 governs motions for reconsideration and allows reconsideration where there is manifest error of fact, manifest error of law or newly discovered evidence. He states, however, that Plaintiff's

- 2 -
Case 2:04-ap-00822-CGC    Doc 52    Filed 05/01/06    Entered 05/01/06 13:12:45    Desc
Main Document    Page 2 of 5

analysis misses the point and that the real question here is whether a genuine issue of material fact existed precluding summary judgment and requiring, instead, an evidentiary hearing.

The Court finds that it is Debtor, however, that misses the point. Reconsideration is not an opportunity to simply reargue the initial proceeding. To a large extent, Debtor reiterates his earlier argument that he provided lots of documents to Plaintiff and/or the Trustee and the sole question is whether those documents are sufficient. That argument was rejected by this Court for the reasons set forth in its Under Advisement Decision.

Further, none of the other arguments satisfy any of the six categories in Rule 60(b). Debtor has not alleged any mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1). Nor has Debtor made a claim of fraud, misrepresentation or other misconduct by Plaintiff for purposes of 60(b)(3). There is no claim the judgment is void or that the judgment has been satisfied, discharged, or vacated for purposes of Rule 60(b)(4) and (5). With respect to 60(b)(2) – newly discovered evidence, Debtor does not make any claim that he has only recently discovered evidence of his financial condition unknown previously. While he discloses a variety of documents that appear not to have been turned over to Plaintiff directly, there is no claim that those are newly discovered documents. Debtor's argument is in fact that he turned these over to the Trustee. This arguments misses the point, however. As stated before, regardless of whether Debtor turned documents over to the Trustee or not, the fact remains that there was still *no* information turned over to *anyone* with respect to several entities Debtor admitted being an owner or principal of and that conducted business or held property or other interests of value. This hurdle cannot be overcome by simply arguing that other documents related to other entities were turned over.

That leaves Debtor with subsection (b)(6) – "any other reason justifying relief from the operation of the judgment." Debtor's arguments set forth *supra*, however, do not rise to the level required by (b)(6). These documents were available at all times to Debtor and were never provided to Plaintiff directly, let alone to this Court during the summary judgment proceedings. There is no explanation for why this was not done. Further, a review of the documents provided still does not get the Court over the hurdle that there are still documents generally required in business that Debtor admittedly never created in the first instance or kept.

- 3 -
Case 2:04-ap-00822-CGC    Doc 52    Filed 05/01/06    Entered 05/01/06 13:12:45    Desc
Main Document    Page 3 of 5

1    For example, Debtor provides a number of tax returns for some of his businesses. These
2    returns were prepared postpetition for prepetition tax years. The Court also agrees with Plaintiff that
3    merely providing copies of tax returns created post-petition and from records unknown and
4    undisclosed, does little to allow anyone to determine Debtor's financial condition. And, while some
5    of the tax returns make reference to other entities owned by Debtor, the information provided by
6    these tax returns on those entities provides no meaningful financial information on these businesses.

8    Further, and by way of example, the documents provided still do not address a company
9    Debtor says he owned called Majestic Oaks, and out of which Debtor allegedly paid Anita Bowden
10   $500,000. The Court has combed these exhibits and has not found a single mention of Majestic
11   Oaks. This is not a small transaction for which missing documentation is excusable. Similarly, no
12   financial documents were provided as to Center Services, LLC, Venture Inn, LLC, or Park Model
13   Sales, LLC. While those names appear in some of the tax returns for other entities, no financial
14   information about the businesses is provided.
15   Debtor's mistake is his continuing focus on the *quality* and *quantity* of what he produced.
16   That does not explain the complete lack of any financial information for several of Debtor's
17   businesses. Debtor is correct that the analysis under Section 727 requires not only a determination
18   that a debtor failed to maintain and preserve adequate records, but also that such a failure makes it
19   impossible to determine a debtor's financial condition. What Debtor ignores is the fact that the
20   complete absence of any information on certain admittedly-owned entities makes it impossible by
21   definition to ascertain debtor's financial condition. The information simply is nonexistent. The
22   burden then shifts to Debtor to establish how its financial condition can in fact be determined
23   without the information. Debtor has not done that. Debtor has simply turned over a variety of
24   financial documents relating to some of his businesses, concluded that these are sufficient, and then
25   left it to Plaintiff or the Court to figure it out.
26   For these reasons, Debtor's motion for reconsideration is denied. Counsel for Plaintiff is to
27   lodge a form of order consistent with this decision for signature.
28   So ordered.

DATED: May 1, 2006

_____
CHARLES G. CASE II
United States Bankruptcy Judge

**COPY** of the foregoing mailed and/or via facsimile this  1st  day of May, 2006, to:

Allan NewDelman
Roberta J. Sunkin
Allan D. Newdelman, P.C.
80 E. Columbus
Phoenix, Arizona 85012-2334
Attorneys for Debtor

Edwin B. Stanley
Edwin B. Stanley, P.C.
8767 E. Via de Commercio
Scottsdale, Arizona 85258
Attorneys for Plaintiff

Paul Sala
Allen & Sala, P.C.
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004-4527
Attorneys for Trustee

By:  Shirley Dunbar, Judicial Assistant